WATKINS, Judge.
This is an action for separation from bed and board. Mrs. Brown was awarded $200.00 per month for child support for her minor children in prior judgments. As of August 9, 1979, the husband, Morris A. Brown, was in arrears in the sum of $2,350.00. By stipulation of counsel entered into on September 6,1979, before the Family Court of East Baton Rouge Parish, the husband was ordered to pay the wife $1,000 by Noon on September 17, 1979, with the understanding that the prior judgments would be wiped out. The wife contends that this sum was not paid timely and demands payment of the full amount in arrears plus attorney’s fees and court costs.
It is quite clear from the proceedings in open court which took place on September 6, 1979, that counsel for defendant-appellee agreed that both counsel would read the judgment prior to its being signed. The transcript quotes verbatim from the agreement made by counsel for defendant-appel-lee with the Court (tr. pp. 85, 86):
“MR. FUGLER: I would like to ask that both counsel be able to read the judgment prepared prior to signing.
“THE COURT: Yes. Both of you sign it before I sign it. Judgment is rendered. Thank you gentlemen.”
On November 16, 1979, a judgment was signed by the Family Court of East Baton Rouge which incorporates a stipulation purportedly entered into by the parties with regard to the payment of the $1,000. The stipulation recites that it has been agreed that the proceedings be dismissed favorably to the defendant, Morris A. Brown, upon payment of $1,000, and the judgment recites that the $1,000 has been paid. No mention is made of the date of September 17,1979. This judgment appears on its face to be at odds with the stipulation of counsel in not incorporating the date of September 17, 1979. Furthermore, the written stipulation, prepared obviously by Mr. Fugler, counsel for the husband, appellee, is not signed by Joseph A. Gladney & Associates, counsel for the wife, appellant. Instead of that, a line is drawn across the signature line provided for plaintiff’s (appellant’s) counsel’s name. The motion submitting the judgment for signing, to which the unilateral “stipulations” are attached, recites that defendant Morris A. Brown has prepared his own stipulation and judgment because counsel for Mrs. Brown has failed to do so. This violates the prior agreement of Mr. Fugler made in open court. It, therefore, appears that the judgment of the trial court was improperly entered and improperly signed. In addition, we cannot determine the precise nature of the agreement between counsel which was obviously entered into off the record with regard to attorney’s fees and court costs. The trial court alone knows of the full nature of the agreement. Accordingly, the judgment of the trial court is reversed and the matter remanded to the *85 trial court for further proceedings not inconsistent with this opinion. Assessment of costs to await final decision of the trial court.
REVERSED AND REMANDED.